UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PI-NET INTERNATIONAL, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AUTOZONE, INC., )<br>)<br>Defendant. )<br>)<br>) | Civil Action No.  2:13-cv-01041-JRG<br><br>**JURY TRIAL REQUESTED** |

DEFENDANT AUTOZONE, INC.'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendant AutoZone, Inc. (hereinafter "AutoZone" or "Defendant") hereby provides its Answer, Affirmative Defenses, and Counterclaims to Plaintiff Pi-Net International, Inc.'s ("Plaintiff" or "Pi-Net") Complaint for Patent Infringement ("Complaint") as follows:

THE PARTIES

1. AutoZone admits that U.S. Patent No. 8,346,894 ("the '894 Patent") lists Dr. Lakshmi Arunachalam as the inventor. AutoZone is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1, and therefore denies them.

2. AutoZone is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and therefore denies them.

3. AutoZone admits that the '894 Patent claims priority to Provisional Application No. 60/006,343, filed on November 13, 1995. AutoZone is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and therefore denies them.

1

4.      AutoZone denies the allegations of Paragraph 4.

5.      AutoZone admits that it is a corporation organized under the laws of the state of Nevada with its principal place of business at 123 South Front Street, Memphis, Tennessee 38103.  AutoZone further admits that it conducts business in the state of Texas.  AutoZone denies the remaining allegations of Paragraph 5.

6.      AutoZone admits that it has not designated a resident agent for service of process in the state of Texas.  The remainder of Paragraph 6 asserts legal conclusions to which AutoZone is not required to respond.

## JURISDICTION AND VENUE

7.      AutoZone admits that the Complaint purports to bring an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, but denies that Plaintiff has any viable claim thereunder.  AutoZone further admits that this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      Defendant admits that the Court has personal jurisdiction over AutoZone.

9.      AutoZone admits that venue is proper in this District but denies that venue in this District is convenient for either party.

10.     Defendant admits that the Court has personal jurisdiction over AutoZone.  AutoZone denies the remaining allegations of Paragraph 10.

## THE PATENT-IN-SUIT

11.     AutoZone admits that what appears to be a true and correct copy of the '894 Patent, titled "Real-Time Web Transactions from Web-Applications" was attached to the Complaint as Exhibit A.  AutoZone denies that the '894 Patent is valid and enforceable.

AutoZone is without knowledge or information sufficient to form a belief as to the truth of the allegations of remaining allegations of Paragraph 11, and therefore denies them.

12. AutoZone admits that it operates the website located at http://www.autozone.com. AutoZone denies the remaining allegations of Paragraph 12.

### INFRINGMENT OF THE PATENT-IN-SUIT

13. AutoZone incorporates its responses to Paragraphs 1-12 above as if fully set forth herein.

14. AutoZone denies the allegations of Paragraph 14.

15. AutoZone denies the allegations of Paragraph 15.

16. AutoZone denies the allegations of Paragraph 16.

### PRAYER FOR RELIEF

AutoZone denies that Plaintiff is entitled to any of the relief requested in Plaintiff's Prayer for Relief.

### JURY DEMAND

AutoZone admits that Plaintiff demands a trial by jury on all issues so triable in this action. AutoZone also demands a trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

### GENERAL DENIAL

Except as specifically admitted herein, AutoZone denies each and every allegation contained in Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), and without assuming any burden that it would not otherwise bear or admitting any of the allegations in the Complaint, and reserving its

3

right to assert additional defenses, AutoZone asserts the following affirmative defenses to Plaintiff's Complaint:

### First Affirmative Defense

AutoZone does not infringe and has not infringed any claim of the '894 Patent literally, directly, indirectly, contributorily, by way of inducement, and/or under the doctrine of equivalents.

### Second Affirmative Defense

The '894 Patent is invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense

Plaintiff's claims are barred by the doctrine of unclean hands and/or patent misuse and/or unenforceability.

### Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrines of laches and/or equitable estoppel.

### Fifth Affirmative Defense

Plaintiff's claims are barred by the doctrine of prosecution laches.

### Sixth Affirmative Defense

Plaintiff's claims are barred by prosecution history estoppel.

### Seventh Affirmative Defense

Plaintiff cannot prove that this is an exceptional case justifying an award of attorney fees against AutoZone pursuant to 35 U.S.C. § 285.

**Eighth Affirmative Defense**

Any claim by Plaintiff for damages is limited under 35 U.S.C. § 287. Plaintiff is barred under 35 U.S.C. § 287 from recovering damages prior to the date of the filing of the Complaint.

**RESERVATION OF RIGHTS**

AutoZone reserves the right to add any additional defenses or counterclaims that discovery may reveal.

**PRAYER FOR RELIEF**

AutoZone respectfully requests that Plaintiff's Complaint be dismissed with prejudice, that this case be found exceptional under 35 U.S.C. § 285, and that AutoZone be awarded its reasonable attorney fees, costs, and such further relief as the Court may deem just and proper.

**COUNTERCLAIMS**

Defendant/Counterclaimant AutoZone, Inc. (hereinafter "AutoZone" or "Defendant") asserts counterclaims against Plaintiff/Counterdefendant as follows:

**NATURE AND BASIS OF ACTION**

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the United States Patent Act, 35 U.S.C. § 1 *et seq*. AutoZone requests declarations that: (i) it does not infringe any valid, enforceable claim of U.S. Patent No. 8,346,894 ("the '894 Patent"); and (ii) the '894 Patent is invalid.

**PARTIES, JURISDICTION, AND VENUE**

2. AutoZone is a corporation organized and existing under the laws of the State of Nevada with its principal place of business at 123 South Front Street, Memphis, Tennessee 38103.

3.  According to Plaintiff's Complaint, Plaintiff is a California corporation with its principal place of business at 222 Stanford Avenue, Menlo Park, California 94025.

4.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

5.  This Court has personal jurisdiction over Plaintiff by virtue of the fact that Plaintiff has submitted to the jurisdiction of this Court by bringing the instant action.

6.  Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b), however AutoZone realleges that venue is not convenient for either party in this District.

## FACTUAL ALLEGATIONS

7.  Upon information and belief, Plaintiff purports to be the owner of the '894 Patent.

8.  AutoZone does not infringe directly or indirectly, by inducement or by contribution, any valid, enforceable claim of the '894 Patent.

9.  Upon information and belief, all claims of the '894 Patent are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

## CLAIM I

**(Declaratory Judgment of Non-Infringement)**

10.  AutoZone realleges and reincorporates the averments of Paragraphs 1 through 9, inclusive, of its Counterclaims as if set forth herein in full.

11. There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1 *et seq.*, concerning AutoZone's non-infringement of the claims of the '894 Patent.

12. AutoZone is entitled to a judicial declaration that it has not and does not infringe directly or indirectly, by inducement or by contribution, any valid, enforceable claim of the '894 Patent.

## CLAIM II

**(Declaratory Judgment of Invalidity of the Patent-in-Suit)**

13. AutoZone realleges and reincorporates the averments of Paragraphs 1 through 9, inclusive, of its Counterclaims as if set forth herein in full.

14. There is an actual and justiciable controversy between the parties concerning the validity of the patent asserted against AutoZone for failure to meet the requirements of the Patent Act, 35 U.S.C. § 1 *et seq.*, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

15. AutoZone is entitled to a judicial declaration and order that the '894 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, AutoZone requests judgment in its favor and against Plaintiff as follows:

(i) Plaintiff recovers nothing and its Complaint be dismissed with prejudice;

(ii) The Court declare that AutoZone has not and does not infringe, induce infringement, or contribute to the infringement of any claim of the '894 Patent;

(iii) The Court declare and order that the '894 Patent is invalid;

(iv) The Court find this case to be exceptional pursuant to 35 U.S.C. § 285 and award AutoZone its reasonable attorney fees in this action;

    (v)      All costs be taxed against Plaintiff; and

    (vi)     AutoZone be granted such other and further relief as the Court deems just and proper.

Dated: February 7, 2014

Respectfully submitted,

/s/   *Robert L. Lee*
Robert L. Lee (Ga. Bar No. 443978)
bob.lee@alston.com
Holly Hawkins Saporito (Ga. Bar No. 142496)
holly.saporito@alston.com
ALSTON & BIRD LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Tel: (404) 881-7635
Fax: (404) 881-7777

Derek S. Neilson (Texas Bar No. 24072255)
derek.neilson@alston.com
ALSTON & BIRD LLP
2828 North Harwood St.
Dallas, TX 75201-2139
(214) 922-3400
(214) 922-3899

***Attorneys for Defendant AutoZone, Inc.***

8

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 7th day of February, 2014, a true and correct copy of the foregoing document was served upon all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF System per Local Rule CV-5(a)(3).  Any other counsel of record will be served by first class mail.


                            /s/    *Robert L. Lee*
                            Robert L. Lee